UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANNY TORRES,<br><br>    Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT, Warden,<br><br>    Respondent. | Case No. 15-CV-00369-LHK<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 1 |

On January 27, 2015, Petitioner Danny Torres ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus challenging his detention at the California State Prison, Solano, in Vacaville, California. ECF No. 1 ("Petition"). For good cause shown, the Court hereby ORDERS Respondent to show cause why the Petition should not be granted.

## I. BACKGROUND

### A. Factual Background

On August 21, 1997, Petitioner was charged with felony robbery, in violation of California Penal Code § 211. Petition at 3. Petitioner's information "also alleged that [P]etitioner had suffered three prior strike convictions under [California's] three strikes law, two for robbery and one for burglary of an inhabited dwelling (i.e., first degree burglary)." ECF No. 1-1 ("Exh. A") at

1. On March 12, 1998, a jury convicted Petitioner of felony robbery and, in a bifurcated proceeding, the state trial court subsequently determined that Petitioner had committed the three prior strikes at issue. *Id.* On June 17, 1998, the state trial court sentenced Petitioner to thirty-five years to life of imprisonment, as required under California's three strikes law. *Id.* On August 6, 1998, Petitioner filed a notice of appeal, which the Sixth District Court of Appeal denied. *Id.* at 2. It is unclear whether Petitioner sought review from the California Supreme Court of the Sixth District Court of Appeal's decision.

On June 5, 2013, Petitioner filed a state habeas petition in Monterey County Superior Court. Petitioner's state habeas petition "allege[d] that the [state trial] court [had] wrongfully found that [Petitioner's] prior conviction for burglary qualified as a strike under the three-strikes law." *Id.* at 1. In addition, Petitioner contended that "[P]etitioner's trial attorney [had] rendered ineffective assistance of counsel for failing to object at the time of sentencing" to Petitioner's prior burglary conviction, and that Petitioner's "appellate attorney was ineffective for not raising the issue on appeal." *Id.*

On August 2, 2013, the Monterey County Superior Court denied Petitioner's state habeas petition on the merits. *Id.* at 2–3. On March 3, 2014, the Sixth District Court of Appeal summarily affirmed the Monterey County Superior Court's decision. ECF No. 1-1 ("Exh. B"). On May 21, 2014, the California Supreme Court denied Petitioner's state habeas petition. ECF No. 1-1 ("Exh. C."). Following the California Supreme Court's decision, Petitioner filed the instant Petition on January 27, 2015. On December 30, 2015, this case was reassigned from Magistrate Judge Kandis Westmore to the undersigned Judge.

## II. LEGAL STANDARD

This Court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained

is not entitled thereto." 28 U.S.C. § 2243.

### III. DISCUSSION

In the instant Petition, Petitioner asserts that (1) "the use of Petitioner's burglary 'strike' was an improper characterization of the offense," and that (2) "trial counsel was ineffective for not vigorously demanding proof of the nature of the prior [strike] and arguing that it was not a strikable offense." Petition at 11, 15. Unlike Petitioner's state habeas petition, the instant Petition does not argue that Petitioner's appellate counsel was ineffective. In addition, Petitioner claims that "[t]he [Monterey County] Superior Court denied Petitioner['s] [state habeas petition] in part on the notion that he was not timely in [filing] his [state habeas] petition." *Id.* at 4. Accordingly, Petitioner also discusses why equitable tolling should apply to the instant Petition. *Id.* at 4–15.

After reviewing the Monterey County Superior Court's opinion, the Court observes that the Monterey County Superior Court did not find Petitioner's state habeas petition to be untimely or—for that matter—even discuss the issue of timeliness. In denying Petitioner's state habeas petition, the California Supreme Court, however, cited *In re Robbins*, 959 P.2d 311 (Cal. 1998), and *In re Clark*, 855 P.2d 729 (Cal. 1993), two cases which discuss timeliness and delay.

In any event, the Court finds that the instant Petition raises claims that appear cognizable under 28 U.S.C. § 2254 and thus merits an answer from Respondent. Accordingly, the Court ORDERS Respondent to show cause why the Petition should not be granted.

### IV. CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order and the Petition (ECF No. 1) and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state

1    trial record that have been transcribed previously and that are relevant to a determination of the
2    issues presented by the Petition.
3        3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with
4    the Court and serving it on Respondent within **thirty (30) days** of the Answer.
5        4. Respondent may file a Motion to Dismiss on procedural grounds in lieu of an Answer,
6    as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254
7    Cases within **sixty (60) days** of the issuance of this Order.  If Respondent files such a motion,
8    Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-
9    opposition within **twenty eight (28) days** of the motion, and Respondent shall file with the Court
10   and serve on Petitioner a Reply within **fourteen (14) days** of receipt of any Opposition.

**IT IS SO ORDERED.**

Dated: March 29, 2016

_____
LUCY H. KOH
United States District Judge